**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SENSAY TECHNOLOGIES LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants.* | Civil Action No. 2:26-cv-926<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sensay Technologies LLC ("Sensay" or "Plaintiff"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

2. Sensay is the owner of the following United States Patents, each of which was duly and legally issued by the United States Patent and Trademark Office ("USPTO"): United States Patent Nos. 9,949,060, 10,003,948, 10,405,157, 10,609,527, and 10,791,440 (collectively, the "Resource Map Patents"); and United States Patent Nos. 9,468,033, 9,999,084, 10,085,291, 10,194,479, 10,477,605, 10,736,164, and 11,044,772 (collectively, the "IMS Gateway Patents"). The Resource Map Patents and the IMS Gateway Patents are referred to collectively as the "Patents-in-Suit."

3. Samsung made, used, offered to sell, sold within the United States, and imported into the United States smartphones and tablet computers ("Accused Products," as defined below) that practice the inventions claimed in the Patents-in-Suit, and continues to do so, without license or authorization from Sensay. Sensay seeks damages and injunctive relief for such acts of infringement.

## THE PARTIES

4. Plaintiff Sensay Technologies LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 505 Park Avenue, 18th Floor, New York, New York 10022.

5. On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon, Gyeonggi-do 16677, Republic of Korea. SEC is a leading designer, developer, manufacturer, and seller of consumer electronics, including smartphones and tablet computers, throughout the world and in the United States. On information and belief, SEC does not maintain a registered agent for service of process in the United States and may be served in accordance with Federal Rule of Civil Procedure 4(f)(1).

6. On information and belief, Defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 700 Sylvan Avenue, Englewood Cliffs, NJ 07632, and a regular and established place of business in this District at 6625 Excellence Way, Plano, Texas 75023. In or around June 1, 2026, SEA announced that it is relocating its United States headquarters from New Jersey to its existing Plano, Texas campus, with the transition reported to be completed by the end of 2026.

7. On information and belief, SEA is a wholly owned subsidiary of SEC. SEA has been registered to do business in Texas since at least June 10, 1996 under Texas Secretary of State file number 0011028006 and Texas Taxpayer Number 11329511536. SEA may be served with process through its registered agent for service in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8. On information and belief, SEC designs, develops, manufactures, and supplies the Accused Products for importation into the United States, while SEA imports, qualifies, distributes, markets, offers for sale, sells, and supports the Accused Products in the United States, including in this District. On information and belief, SEA oversees domestic sales and distribution of Samsung's consumer electronics products, including the Accused Products.

9. Each claim in this Complaint is asserted against each Defendant based on that Defendant's own acts and on the acts attributable to that Defendant.

10. Defendants are properly joined under 35 U.S.C. § 299 because, on information and belief, Defendants commonly and/or jointly make, use, sell, offer to sell, test, design, distribute, and/or import the same Accused Products, such that at least one right to relief is asserted against Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and questions of fact common to both Defendants will arise in this action.

**JURISDICTION AND VENUE**

11. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over each Defendant because each Defendant has committed acts within Texas and within this District giving rise to this action, and each has established minimum contacts with this forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

13. Each Defendant is subject to this Court's jurisdiction pursuant to due process and the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.* On information and belief, each Defendant, directly and/or through subsidiaries, affiliates, agents, distributors, and retailers: (a) has engaged in the infringing conduct alleged herein in Texas and in this District; (b) regularly and consistently does and solicits business in Texas and in this District; (c) engages in other persistent courses of conduct in Texas and in this District, including providing customer service, warranty repairs, and related services in connection with their business operations in Texas and in this District; (d) derives substantial revenue from the offering for sale and sale of the Accused Products to consumers in Texas and in this District; and (e) has purposefully established substantial, systematic, and continuous contacts with the State of Texas and with this District such that it should reasonably expect to be subject to suit here.

14. On information and belief, each Defendant, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed the Accused Products into established U.S. distribution channels with the intention and expectation that they will be purchased and used by consumers in this District, and the Accused Products have been and continue to be purchased and used in this District.

15. On information and belief, the Accused Products are offered for sale and sold in this District through Samsung's own retail locations, through Samsung's website

www.samsung.com, through the nationwide wireless carriers and their authorized dealers, and through national retailers with locations in this District.

16. On information and belief, SEA maintains a regular and established corporate office in this District at 6625 Excellence Way, Plano, Texas 75023, and a Samsung Experience Store at Stonebriar Centre, 2601 Preston Road, Frisco, Texas 75034.

17. On information and belief, SEC directs and controls the actions of SEA with respect to the design, importation, marketing, and sale of the Accused Products in the United States, including in this District.

18. In the alternative, Federal Rule of Civil Procedure 4(k) confers personal jurisdiction over each Defendant because, upon information and belief, each regularly conducts, transacts, and/or solicits business in Texas and in this District, derives substantial revenue from its business transactions in Texas and in this District, and otherwise avails itself of the privileges and protections of the laws of the State of Texas such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process. Defendants' infringing acts have caused and will continue to cause injury to Sensay in Texas and in this District such that Defendants should reasonably expect such acts to have consequences here.

19. Venue is proper in this District as to SEA under 28 U.S.C. § 1400(b) because SEA has committed acts of infringement in this District and has a regular and established place of business in this District.

20. The venue inquiry as to SEA requires (1) a physical place in this District, (2) that is a regular and established place of business, and (3) that is the place of SEA. *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017). Each requirement is satisfied.

21. On information and belief, SEA occupies a physical building at 6625 Excellence Way, Plano, Texas 75023, which is located within the Eastern District of Texas. On information and belief, SEA opened this location in 2019 as its flagship North Texas campus, describing it as a 216,000-square-foot building housing more than 1,000 regional employees, and has continuously operated it since. *See* https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/ (last visited September 9, 2026). On information and belief, SEA's employees work at that location, and SEA conducts ongoing business operations there relating to the marketing, sale, distribution, and support of the Accused Products. On information and belief, in June 2026 SEA announced that it is relocating its United States headquarters from New Jersey to its existing Plano, Texas campus, with the transition to be completed by the end of 2026. *See* https://www.nbcdfw.com/news/local/samsung-moving-u-s-headquarters-to-plano/4031494/ (last visited September 9, 2026); https://dallasinnovates.com/samsung-is-relocating-its-u-s-hq-from-new-jersey-to-plano/ (last visited September 9, 2026). On information and belief, SEA holds the Plano campus out as its own place of business through its signage, its public statements, its job postings, and its corporate registrations, and SEA ratifies that location as its place of business.

22. On information and belief, SEA has committed acts of infringement in this District by using, offering to sell, selling, and/or importing the Accused Products in and into this District.

23. Venue is proper in this District as to SEC pursuant to 28 U.S.C. § 1391(c)(3) because SEC is a defendant not resident in the United States and may therefore be sued in any judicial district, and the joinder of such a defendant is disregarded in determining where the action may be brought with respect to the other Defendant. *In re HTC Corp.*, 889 F.3d 1349,

1354 (Fed. Cir. 2018). SEC is a corporation organized and existing under the laws of the Republic of Korea. SEC has also committed acts of infringement in this District.

24. In other recent patent infringement actions in this District, Defendants have not disputed this Court's personal jurisdiction over them and have not contested that venue properly lies in this District. *See, e.g.*, Samsung Defendants' Answer ¶¶ 8–11, *Transparence, LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 2:24-cv-00910 (E.D. Tex. Feb. 18, 2025), ECF No. 20; Samsung Defendants' Answer ¶¶ 6–9, 14–15, *Four Batons Wireless, LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 2:24-cv-00284 (E.D. Tex. Aug. 19, 2024), ECF No. 24; Samsung Defendants' Answer ¶¶ 8–10, *SpaceTime3D, Inc. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:19-cv-00372 (E.D. Tex. Mar. 16, 2020), ECF No. 22; Samsung Defendants' Answer ¶¶ 10, 12, *Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:18-cv-00028 (E.D. Tex. Apr. 23, 2018), ECF No. 25.

25. All allegations and supporting facts set forth above regarding personal jurisdiction are incorporated by reference in support of venue, and all allegations and supporting facts set forth above regarding venue are incorporated by reference in support of personal jurisdiction.

## **THE PATENTS-IN-SUIT**

### ***The Resource Map Patents***

26. The Resource Map Patents share a common priority claim to U.S. Patent Appl. No. 12/804,448, filed July 21, 2010.

27. The Resource Map Patents disclose methods and systems that address a technological problem in mobile computing: matching the needs of applications running on a mobile device with external resources, such as networks and display devices, that announce their capabilities and become available in the device's environment. Conventional devices match

functions to resources through fixed, pre-programmed assignment, without accounting for external resources that are actually in range. The inventions of the Resource Map Patents provide a technical solution by having external resources, such as Bluetooth peripherals, transmit capabilities lists specifying the resource's attributes. In one embodiment, the device generates an environment map that includes this resource data, as well as data from onboard sensors that provide state information for the device. Access policies are matched against the environment map to dynamically assign the device a profile which controls the device's functionality: for example, disabling messaging applications, suppressing delivery of incoming messages, or directing content to a vehicle's display.

28. On April 17, 2018, the USPTO duly and legally issued United States Patent No. 9,949,060 (the "'060 Patent"), titled "System allowing or disallowing access to resources based on sensor and state information." A true and correct copy of the '060 Patent is attached as **Exhibit A**.

29. Sensay is the owner by assignment of all right, title, and interest in and to the '060 Patent, including the exclusive right to bring suit to enforce it and to recover damages for past, present, and future infringement.

30. The '060 Patent is valid and enforceable.

31. On June 19, 2018, the USPTO duly and legally issued United States Patent No. 10,003,948 (the "'948 Patent"), titled "System and method for provisioning user computing devices based on sensor and state information." A true and correct copy of the '948 Patent is attached as **Exhibit B**.

32. Sensay is the owner by assignment of all right, title, and interest in and to the ’948 Patent, including the exclusive right to bring suit to enforce it and to recover damages for past, present, and future infringement.

33. The ’948 Patent is valid and enforceable.

34. On September 3, 2019, the USPTO duly and legally issued United States Patent No. 10,405,157 (the “’157 Patent”), titled “System and method for provisioning user computing devices based on sensor and state information.” A true and correct copy of the ’157 Patent is attached as **Exhibit C**.

35. Sensay is the owner by assignment of all right, title, and interest in and to the ’157 Patent, including the exclusive right to bring suit to enforce it and to recover damages for past, present, and future infringement.

36. The ’157 Patent is valid and enforceable.

37. On March 31, 2020, the USPTO duly and legally issued United States Patent No. 10,609,527 (the “’527 Patent”), titled “System and method for control and management of resources for consumers of information.” A true and correct copy of the ’527 Patent is attached as **Exhibit D**.

38. Sensay is the owner by assignment of all right, title, and interest in and to the ’527 Patent, including the exclusive right to bring suit to enforce it and to recover damages for past, present, and future infringement.

39. The ’527 Patent is valid and enforceable.

40. On September 29, 2020, the USPTO duly and legally issued United States Patent No. 10,791,440 (the “’440 Patent”), titled “System and method for provisioning user computing

devices based on sensor and state information." A true and correct copy of the '440 Patent is attached as **Exhibit E**.

41. Sensay is the owner by assignment of all right, title, and interest in and to the '440 Patent, including the exclusive right to bring suit to enforce it and to recover damages for past, present, and future infringement.

42. The '440 Patent is valid and enforceable.

***The IMS Gateway Patents***

43. The IMS Gateway Patents share a common priority claim to U.S. Patent Appl. No. 11/166,407, filed June 24, 2005.

44. The IMS Gateway Patents disclose methods and systems that address the technological problem of providing connectivity to local wireless devices on a Personal Area Network (PAN) while simultaneously supporting cellular and IP Multimedia Subsystem (IMS) sessions. A cellular network registers and addresses each handset individually, while nearby devices often connect only through short-range or local networks like Wi-Fi or Bluetooth. In addition, some handsets cannot run a circuit-switched voice session and a packet session at the same time. The inventions of the IMS Gateway Patents provide a technical solution by configuring the mobile device to act as a gateway between two distinct networks. In one embodiment, the device senses nearby devices, creates and controls a Personal Area Network (PAN), and sets up a cellular network session. It then uses both connections so the PAN devices reach the cellular network through the gateway. The mobile device is able to make or receive circuit-switched voice calls without disrupting the cellular session or PAN.

45. On October 11, 2016, the USPTO duly and legally issued United States Patent No. 9,468,033 (the "'033 Patent"), titled "Associated device discovery in IMS networks." A true and correct copy of the '033 Patent is attached as **Exhibit F**.

46. Sensay is the owner by assignment of all right, title, and interest in and to the '033 Patent, including the right to recover damages for past infringement.

47. The '033 Patent is valid and enforceable.

48. On June 12, 2018, the USPTO duly and legally issued United States Patent No. 9,999,084 (the "'084 Patent"), titled "Associated device discovery in IMS networks." A true and correct copy of the '084 Patent is attached as **Exhibit G**.

49. Sensay is the owner by assignment of all right, title, and interest in and to the '084 Patent, including the right to recover damages for past infringement.

50. The '084 Patent is valid and enforceable.

51. On September 25, 2018, the USPTO duly and legally issued United States Patent No. 10,085,291 (the "'291 Patent"), titled "Associated device discovery in IMS networks." A true and correct copy of the '291 Patent is attached as **Exhibit H**.

52. Sensay is the owner by assignment of all right, title, and interest in and to the '291 Patent, including the right to recover damages for past infringement.

53. The '291 Patent is valid and enforceable.

54. On January 29, 2019, the USPTO duly and legally issued United States Patent No. 10,194,479 (the "'479 Patent"), titled "Associated device discovery in IMS networks." A true and correct copy of the '479 Patent is attached as **Exhibit I**.

55. Sensay is the owner by assignment of all right, title, and interest in and to the '479 Patent, including the right to recover damages for past infringement.

56. The ’479 Patent is valid and enforceable.

57. On November 12, 2019, the USPTO duly and legally issued United States Patent No. 10,477,605 (the “’605 Patent”), titled “Associated device discovery in IMS networks.” A true and correct copy of the ’605 Patent is attached as **Exhibit J**.

58. Sensay is the owner by assignment of all right, title, and interest in and to the ’605 Patent, including the right to recover damages for past infringement.

59. The ’605 Patent is valid and enforceable.

60. On August 4, 2020, the USPTO duly and legally issued United States Patent No. 10,736,164 (the “’164 Patent”), titled “Associated device discovery in IMS networks.” A true and correct copy of the ’164 Patent is attached as **Exhibit K**.

61. Sensay is the owner by assignment of all right, title, and interest in and to the ’164 Patent, including the right to recover damages for past infringement.

62. The ’164 Patent is valid and enforceable.

63. On June 22, 2021, the USPTO duly and legally issued United States Patent No. 11,044,772 (the “’772 Patent”), titled “Associated device discovery in IMS networks.” A true and correct copy of the ’772 Patent is attached as **Exhibit L**.

64. Sensay is the owner by assignment of all right, title, and interest in and to the ’772 Patent, including the right to recover damages for past infringement.

65. The ’772 Patent is valid and enforceable.

## THE ACCUSED PRODUCTS

66. The accused instrumentalities in this action are Samsung smartphones and tablet computers made, used, offered for sale, sold, and/or imported by Defendants, including without limitation the Samsung Galaxy S series, Galaxy Z Fold and Z Flip series, Galaxy Note series,

Galaxy A series, and Galaxy Tab series devices, and each of their variants and successors (collectively, the "Accused Products").[1]

67. Samsung is not licensed under any of the Patents-in-Suit and does not otherwise enjoy or benefit from any rights in or to the Patents-in-Suit.

***Accused Functionality — Resource Map Patents***

68. On information and belief, the Accused Products run versions of the Android operating system that implement one or more of the features currently known[2] as Extend Unlock, Do Not Disturb While Driving, Driving Mode, and Android Auto. Each feature controls access to the device's functionality based on access policies triggered by resource environment information about available resources, such as a paired Bluetooth watch or car infotainment system, and physical environment information such as motion sensing.

69. On information and belief, each Accused Product receives a capabilities list from external resources — including Bluetooth devices such as wireless headphones, speakers, watches, and automotive head units — during the inquiry, paging, and pairing processes of the Bluetooth Core Specification, each such list specifying attributes of the respective device, and stores the received lists in a registry associated with the device.

70. On information and belief, each Accused Product determines an environment map comprising resource environment information about paired and connected Bluetooth devices together with physical environment information obtained from sensors, including an accelerometer and a location subsystem; matches access policies against that environment map to

---

[1] Sensay's identification of exemplary Accused Products is illustrative and not limiting. Sensay reserves the right to identify additional Samsung products that infringe the Patents-in-Suit as discovery proceeds.

[2] Accused functionality includes substantially equivalent or predecessor features commercialized under different brand names, e.g., "Smart Lock."

dynamically assign a profile; and controls access to device functionality, including mobile applications, based on the profile so assigned.

71. On information and belief, this functionality is common across the Accused Products such that the allegations in the Counts relating to the Resource Map Patents apply to each Accused Product regardless of model designation.

***Accused Functionality — IMS Gateway Patents***

72. On information and belief, the Accused Products run versions of the Android operating system that implement one or more of the features currently known as Mobile Hotspot and Bluetooth Tethering to create a Personal Area Network (PAN) session using a Wi-Fi or Bluetooth local network.

73. On information and belief, the Accused Products implement Session Initiation Protocol (SIP) signaling, which is required to support protocols such as Rich Communication Services (RCS) and Voice over LTE (VoLTE). SIP signaling is used to create a cellular session and invite a Media server (MS) or an Application server (AS) into the session via an INVITE command.

74. On information and belief, the Accused Products enable voice calls over a circuit switched network, such as 2G GSM or 3G UMTS, without disrupting the cellular session or the PAN session.

75. On information and belief, this functionality is common across the Accused Products such that the allegations in the Counts relating to the IMS Gateway Patents apply to each Accused Product regardless of model designation.

**COUNT I — INFRINGEMENT OF U.S. PATENT NO. 9,949,060**

76. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

77. Samsung is not and has never been licensed under the ’060 Patent.

78. Samsung has infringed and continues to infringe one or more claims of the ’060 Patent. For example, representative claim 1 of the ’060 Patent recites:

> 1. A user device comprising:
>
> a resource registry storing capabilities lists (CLs) received from one or more external resources available to and in proximity with the user device, each CL specifying one or more attributes of the respective external resource from which it is received;
>
> an environment map comprising (i) resource environment information obtained from the resource registry and (ii) physical environment information obtained from one or more sensors; and
>
> a recognition unit matching access policies of the user device with the environment map to dynamically assign a profile to the user device, and controlling access to a functionality of the user device based on the profile assigned to the user device.

79. As explained in the chart provided in **Exhibit M**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 1 of the ’060 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.[3]

---

[3] The charts provided in **Exhibits M–X** are based on public information obtained to date and may not be exhaustive. The charts are not to be construed as Sensay’s positions on claim construction, which will be provided pursuant to the Court’s rules. In particular, the inclusion of claim preambles in the charts should not be interpreted as an admission that the preamble is limiting. Sensay reserves the right to take the position that the claim preambles are limiting or not limiting, as well as any other positions on claim construction, on a claim-by-claim basis as part of the claim construction process. Android OS source code reproduced in the charts is

***Direct Infringement — 35 U.S.C. § 271(a)***

80. Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’060 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Induced Infringement — 35 U.S.C. § 271(b)***

81. Samsung has indirectly infringed and continues to indirectly infringe one or more claims of the ’060 Patent by actively inducing infringement by others in violation of 35 U.S.C. § 271(b). To the extent any acts constituting direct infringement are performed by Samsung’s customers, end users, carriers, and/or retail partners, such acts are performed using the Accused Products at Samsung’s direction and encouragement and with Samsung’s knowledge and/or intent.

82. With knowledge of the ’060 Patent and of the infringing nature of the Accused Products, Samsung has taken and continues to take active steps with the specific intent to cause its customers and end users to use the Accused Products in a manner that infringes the ’060 Patent. Such steps include at least, without limitation: designing and configuring the Accused Products to perform the accused functionality; instructing customers and end users to operate that functionality through user manuals, in-device setup flows, product documentation, developer documentation, online support resources, and customer service; distributing software and firmware updates that maintain or enable the accused functionality; and advertising and promoting the accused functionality as a feature of the Accused Products.

---

referenced to the Android Open Source Project repository at https://android.googlesource.com/platform/.

83. Samsung takes these steps knowing, or while remaining willfully blind to the fact, that the induced acts constitute infringement of the ’060 Patent. Samsung’s inducement is ongoing.

***Willfulness***

84. Samsung’s infringement of the ’060 Patent is and continues to be willful, intentional, deliberate, and in conscious disregard of Sensay’s rights. Samsung has had actual knowledge of the ’060 Patent and of the infringing nature of the Accused Products since at least the filing and service of this Complaint, and has continued and will continue its infringing conduct notwithstanding that knowledge. Sensay is entitled to enhanced damages under 35 U.S.C. § 284.

***Damages***

85. Samsung’s acts of infringement of the ’060 Patent have caused and continue to cause damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and including supplemental damages for continuing infringement through entry of final judgment.

**COUNT II — INFRINGEMENT OF U.S. PATENT NO. 10,003,948**

86. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

87. Samsung is not and has never been licensed under the ’948 Patent.

88. Samsung has infringed and continues to infringe one or more claims of the ’948 Patent. For example, representative claim 1 of the ’948 Patent recites:

> 1. A method for controlling access to a functionality of a user device, the method comprising:

> receiving a capabilities list (CL) from one or more external resources available to the user device, each CL specifying one or more attributes of the respective external resource from which it is received;
>
> storing each of the received CLs in a resource registry associated with the user device;
>
> dynamically updating the resource registry with one or more updated CLs;
>
> determining an environment map for the user device, the environment map comprising (i) resource environment information obtained from the resource registry and (ii) physical environment information obtained from one or more sensors;
>
> matching access policies of the user device with the environment map to dynamically assign a profile to the user device; and
>
> controlling access to the functionality of the user device based on the profile assigned to the user device,
>
> wherein the one or more external resources include an external resource connected to the user device via a wireless network and configured to deliver content to a user of the user device.

89. As explained in the chart provided in **Exhibit N**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 1 of the ’948 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

90. Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’948 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Induced Infringement — 35 U.S.C. § 271(b)***

91. Samsung has indirectly infringed and continues to indirectly infringe one or more claims of the ’948 Patent by actively inducing infringement by others in violation of 35 U.S.C. § 271(b). To the extent any acts constituting direct infringement are performed by Samsung’s customers, end users, carriers, and/or retail partners, such acts are performed using the Accused Products at Samsung’s direction and encouragement and with Samsung’s knowledge and/or intent.

92. With knowledge of the ’948 Patent and of the infringing nature of the Accused Products, Samsung has taken and continues to take active steps with the specific intent to cause its customers and end users to use the Accused Products in a manner that infringes the ’948 Patent. Such steps include at least, without limitation: designing and configuring the Accused Products to perform the accused functionality; instructing customers and end users to operate that functionality through user manuals, in-device setup flows, product documentation, developer documentation, online support resources, and customer service; distributing software and firmware updates that maintain or enable the accused functionality; and advertising and promoting the accused functionality as a feature of the Accused Products.

93. Samsung takes these steps knowing, or while remaining willfully blind to the fact, that the induced acts constitute infringement of the ’948 Patent. Samsung’s inducement is ongoing.

***Willfulness***

94. Samsung’s infringement of the ’948 Patent is and continues to be willful, intentional, deliberate, and in conscious disregard of Sensay’s rights. Samsung has had actual knowledge of the ’948 Patent and of the infringing nature of the Accused Products since at least

the filing and service of this Complaint, and has continued and will continue its infringing conduct notwithstanding that knowledge. Sensay is entitled to enhanced damages under 35 U.S.C. § 284.

***Damages***

95. Samsung's acts of infringement of the '948 Patent have caused and continue to cause damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and including supplemental damages for continuing infringement through entry of final judgment.

**COUNT III — INFRINGEMENT OF U.S. PATENT NO. 10,405,157**

96. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

97. Samsung is not and has never been licensed under the '157 Patent.

98. Samsung has infringed and continues to infringe one or more claims of the '157 Patent. For example, representative claim 1 of the '157 Patent recites:

> 1. A method for controlling access to a functionality of a user device, the method comprising:
>
> > receiving a capabilities list (CL) from one or more external resources available to the user device via a wireless network, each CL specifying one or more attributes of the respective external resource from which it is received;
> >
> > storing each of the received CLs in a resource registry associated with the user device;
> >
> > dynamically updating the resource registry with one or more updated CLs;
> >
> > determining an environment map for the user device, the environment map comprising resource environment information obtained from the resource registry;

matching access policies of the user device with the environment map to dynamically assign a profile to the user device; and

limiting access to mobile applications running on the user device based on the profile assigned to the user device.

99. As explained in the chart provided in **Exhibit O**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 1 of the ’157 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

100. Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’157 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Induced Infringement — 35 U.S.C. § 271(b)***

101. Samsung has indirectly infringed and continues to indirectly infringe one or more claims of the ’157 Patent by actively inducing infringement by others in violation of 35 U.S.C. § 271(b). To the extent any acts constituting direct infringement are performed by Samsung’s customers, end users, carriers, and/or retail partners, such acts are performed using the Accused Products at Samsung’s direction and encouragement and with Samsung’s knowledge and/or intent.

102. With knowledge of the ’157 Patent and of the infringing nature of the Accused Products, Samsung has taken and continues to take active steps with the specific intent to cause its customers and end users to use the Accused Products in a manner that infringes the ’157 Patent. Such steps include at least, without limitation: designing and configuring the Accused

Products to perform the accused functionality; instructing customers and end users to operate that functionality through user manuals, in-device setup flows, product documentation, developer documentation, online support resources, and customer service; distributing software and firmware updates that maintain or enable the accused functionality; and advertising and promoting the accused functionality as a feature of the Accused Products.

103. Samsung takes these steps knowing, or while remaining willfully blind to the fact, that the induced acts constitute infringement of the '157 Patent. Samsung's inducement is ongoing.

***Willfulness***

104. Samsung's infringement of the '157 Patent is and continues to be willful, intentional, deliberate, and in conscious disregard of Sensay's rights. Samsung has had actual knowledge of the '157 Patent and of the infringing nature of the Accused Products since at least the filing and service of this Complaint, and has continued and will continue its infringing conduct notwithstanding that knowledge. Sensay is entitled to enhanced damages under 35 U.S.C. § 284.

***Damages***

105. Samsung's acts of infringement of the '157 Patent have caused and continue to cause damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and including supplemental damages for continuing infringement through entry of final judgment.

## COUNT IV — INFRINGEMENT OF U.S. PATENT NO. 10,609,527

106. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

107. Samsung is not and has never been licensed under the ’527 Patent.

108. Samsung has infringed and continues to infringe one or more claims of the ’527 Patent. For example, representative claim 1 of the ’527 Patent recites:

> 1. A method for activating apps on a user device, comprising:
>
> receiving a capabilities list from one or more external resources available to the user device, each capabilities list specifying one or more attributes of the respective external resource from which it is received;
>
> storing each of the received capabilities lists in a resource registry associated with the user device;
>
> receiving updated capabilities lists from the one or more external resources;
>
> dynamically updating the resource registry with one or more updated capabilities lists;
>
> determining an environment map for the user device, the environment map comprising (i) resource environment information obtained from the resource registry and (ii) state information for the user device;
>
> applying predefined matching rules for comparing the environment map with situational profiles, the situational profiles comprising predefined combinations of at least one of resource environment information or state information;
>
> displaying one or more recommended apps based on the matching of the environment map to the situational profiles; and
>
> activating one of the recommended apps based on user input received in response to the displaying of the recommended apps.

109. As explained in the chart provided in **Exhibit P**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 1 of the ’527 Patent. The chart is exemplary and based on publicly available

information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court's rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

110. Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '527 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Induced Infringement — 35 U.S.C. § 271(b)***

111. Samsung has indirectly infringed and continues to indirectly infringe one or more claims of the '527 Patent by actively inducing infringement by others in violation of 35 U.S.C. § 271(b). To the extent any acts constituting direct infringement are performed by Samsung's customers, end users, carriers, and/or retail partners, such acts are performed using the Accused Products at Samsung's direction and encouragement and with Samsung's knowledge and/or intent.

112. With knowledge of the '527 Patent and of the infringing nature of the Accused Products, Samsung has taken and continues to take active steps with the specific intent to cause its customers and end users to use the Accused Products in a manner that infringes the '527 Patent. Such steps include at least, without limitation: designing and configuring the Accused Products to perform the accused functionality; instructing customers and end users to operate that functionality through user manuals, in-device setup flows, product documentation, developer documentation, online support resources, and customer service; distributing software and firmware updates that maintain or enable the accused functionality; and advertising and promoting the accused functionality as a feature of the Accused Products.

113. Samsung takes these steps knowing, or while remaining willfully blind to the fact, that the induced acts constitute infringement of the ’527 Patent. Samsung’s inducement is ongoing.

***Willfulness***

114. Samsung’s infringement of the ’527 Patent is and continues to be willful, intentional, deliberate, and in conscious disregard of Sensay’s rights. Samsung has had actual knowledge of the ’527 Patent and of the infringing nature of the Accused Products since at least the filing and service of this Complaint, and has continued and will continue its infringing conduct notwithstanding that knowledge. Sensay is entitled to enhanced damages under 35 U.S.C. § 284.

***Damages***

115. Samsung’s acts of infringement of the ’527 Patent have caused and continue to cause damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and including supplemental damages for continuing infringement through entry of final judgment.

**COUNT V — INFRINGEMENT OF U.S. PATENT NO. 10,791,440**

116. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

117. Samsung is not and has never been licensed under the ’440 Patent.

118. Samsung has infringed and continues to infringe one or more claims of the ’440 Patent. For example, representative claim 1 of the ’440 Patent recites:

> 1. A method for controlling access to a functionality of a user device, the method comprising:

> receiving a capabilities list (CL) from one or more external resources available to the user device via a wireless network, each CL specifying one or more attributes of the respective external resource from which it is received;
>
> storing each of the received CLs in a resource registry associated with the user device;
>
> updating the resource registry with one or more updated CLs;
>
> determining an environment map for the user device, the environment map comprising resource environment information obtained from the resource registry;
>
> matching at least one access policy of the user device with the environment map to assign a profile to the user device; and
>
> limiting access to a mobile application running on the user device based on the profile assigned to the user device.

119. As explained in the chart provided in **Exhibit Q**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 1 of the ’440 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

120. Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’440 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Induced Infringement — 35 U.S.C. § 271(b)***

121. Samsung has indirectly infringed and continues to indirectly infringe one or more claims of the ’440 Patent by actively inducing infringement by others in violation of 35 U.S.C. § 271(b). To the extent any acts constituting direct infringement are performed by Samsung’s

customers, end users, carriers, and/or retail partners, such acts are performed using the Accused Products at Samsung's direction and encouragement and with Samsung's knowledge and/or intent.

122. With knowledge of the '440 Patent and of the infringing nature of the Accused Products, Samsung has taken and continues to take active steps with the specific intent to cause its customers and end users to use the Accused Products in a manner that infringes the '440 Patent. Such steps include at least, without limitation: designing and configuring the Accused Products to perform the accused functionality; instructing customers and end users to operate that functionality through user manuals, in-device setup flows, product documentation, developer documentation, online support resources, and customer service; distributing software and firmware updates that maintain or enable the accused functionality; and advertising and promoting the accused functionality as a feature of the Accused Products.

123. Samsung takes these steps knowing, or while remaining willfully blind to the fact, that the induced acts constitute infringement of the '440 Patent. Samsung's inducement is ongoing.

***Willfulness***

124. Samsung's infringement of the '440 Patent is and continues to be willful, intentional, deliberate, and in conscious disregard of Sensay's rights. Samsung has had actual knowledge of the '440 Patent and of the infringing nature of the Accused Products since at least the filing and service of this Complaint, and has continued and will continue its infringing conduct notwithstanding that knowledge. Sensay is entitled to enhanced damages under 35 U.S.C. § 284.

***Damages***

125. Samsung's acts of infringement of the '440 Patent have caused and continue to cause damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and including supplemental damages for continuing infringement through entry of final judgment.

**COUNT VI — INFRINGEMENT OF U.S. PATENT NO. 9,468,033**

126. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

127. Samsung is not and has never been licensed under the '033 Patent.

128. Samsung has infringed one or more claims of the '033 Patent. For example, representative claim 21 of the '033 Patent recites:

> 21. A mobile device configured to act as a switch in a session with a cellular network comprising:
>
> a transceiver to communicate with the cellular network; and
>
> logic stored in a non-transitory computer readable medium configured to perform the following functions:
>
> sense a plurality of devices proximate to the mobile device;
>
> create the PAN for the plurality of devices proximate to the mobile device using a local network;
>
> create a cellular network session;
>
> use both the local network and the cellular network session, to provide a gateway between the cellular network and the plurality of devices in the PAN; and
>
> control the PAN for the plurality of devices,
>
> invite a Mediaserver (MS) or an Application server (AS) into the cellular network session,

> wherein, during the cellular network session, the mobile device is the only device visible to or directly addressable by the cellular network, and the plurality of devices access the cellular network through the mobile device while the mobile device simultaneously maintains a voice call over a circuit switched network with which the mobile device communicates without use of any of the plurality of devices as an intervening device.

129. As explained in the chart provided in **Exhibit R**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 21 of the ’033 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

130. Samsung has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the ’033 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Damages***

131. Samsung’s acts of infringement of the ’033 Patent have caused damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

**COUNT VII — INFRINGEMENT OF U.S. PATENT NO. 9,999,084**

132. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

133. Samsung is not and has never been licensed under the ’084 Patent.

134. Samsung has infringed one or more claims of the ’084 Patent. For example, representative claim 14 of the ’084 Patent recites:

> 14. A first mobile device configured to act as a switch in connection with a data network comprising:
>
> > a first transceiver to communicate with the data network;
> >
> > a second transceiver to communicate using short-range radio signals; and
> >
> > logic stored in a computer readable medium configured to perform the following functions:
> >
> > > create a first session using first transceiver with the data network;
> > >
> > > create a second session using second transceiver;
> > >
> > > allow devices proximate to first mobile device to become aware of and register with the second network session;
> > >
> > > provide a switch between the first and second network sessions; and
> > >
> > > wherein, during the first and second sessions, first mobile device allows the plurality of devices registered in the second session to be given addresses that make them addressable in first session and/or second session, and, furthermore, first mobile device may simultaneously receive or make voice calls using a circuit switched network without disrupting the first and/or second sessions.

135. As explained in the chart provided in **Exhibit S**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 14 of the ’084 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

136. Samsung has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the ’084 Patent in violation of 35 U.S.C. § 271(a), by at least making,

using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Damages***

137. Samsung's acts of infringement of the '084 Patent have caused damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

**COUNT VIII — INFRINGEMENT OF U.S. PATENT NO. 10,085,291**

138. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

139. Samsung is not and has never been licensed under the '291 Patent.

140. Samsung has infringed one or more claims of the '291 Patent. For example, representative claim 20 of the '291 Patent recites:

> 20. A mobile device configured to act as a switch in a session with a cellular network comprising:
>
> a transceiver to communicate with the cellular network; and
>
> logic stored in a non-transitory computer readable medium configured to perform the following functions:
>
> sense one or more devices proximate to the mobile device;
>
> create the PAN for the one or more devices proximate to the mobile device using a local network;
>
> create a cellular network session;
>
> use both the local network and the cellular network session, to provide a gateway between the cellular network and the one or more devices in the PAN; and
>
> control the PAN for the one or more devices,

> invite a Mediaserver (MS) or an Application server (AS) into the cellular network session, wherein, during the cellular network session, the mobile device is the only device visible to or directly addressable by the cellular network, and the one or more devices access the cellular network through the mobile device while the mobile device simultaneously maintains a voice call over a circuit switched network with which the mobile device communicates without use of any of the one or more devices as an intervening device.

141. As explained in the chart provided in **Exhibit T**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 20 of the ’291 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

142. Samsung has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the ’291 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Damages***

143. Samsung’s acts of infringement of the ’291 Patent have caused damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

**COUNT IX — INFRINGEMENT OF U.S. PATENT NO. 10,194,479**

144. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

145. Samsung is not and has never been licensed under the ’479 Patent.

146. Samsung has infringed one or more claims of the '479 Patent. For example, representative claim 20 of the '479 Patent recites:

> 20. A mobile device configured to act as a switch in a session with a cellular network comprising:
>
> a transceiver to communicate with the cellular network; and
>
> logic stored in a non-transitory computer readable medium configured to:
>
> sense one or more devices proximate to the mobile device;
>
> create the PAN for the one or more devices proximate to the mobile device using a local network;
>
> create a cellular network session;
>
> use both the local network and the cellular network session, to provide a gateway between the cellular network and the one or more devices in the PAN; and
>
> control the PAN,
>
> invite a Mediaserver (MS) or an Application server (AS) into the cellular network session, wherein, during the cellular network session, the mobile device is the only device visible to or directly addressable by the cellular network, and the one or more devices access the cellular network through the mobile device while the mobile device simultaneously maintains a voice call over a circuit switched network with which the mobile device communicates without use of any of the one or more devices as an intervening device.

147. As explained in the chart provided in **Exhibit U**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 20 of the '479 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court's rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

148. Samsung has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the ’479 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Damages***

149. Samsung’s acts of infringement of the ’479 Patent have caused damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

**COUNT X — INFRINGEMENT OF U.S. PATENT NO. 10,477,605**

150. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

151. Samsung is not and has never been licensed under the ’605 Patent.

152. Samsung has infringed one or more claims of the ’605 Patent. For example, representative claim 20 of the ’605 Patent recites:

> 20. A mobile device configured to act as a switch in a session with a cellular network comprising:
>
> > a transceiver to communicate with the cellular network; and
> >
> > logic stored in a non-transitory computer readable medium configured to sense one or more devices with the mobile device;
> >
> > create the PAN for the one or more devices using a local network;
> >
> > create a cellular network session;
> >
> > use both the local network and the cellular network session, to provide a gateway between the cellular network and the one or more devices in the PAN; and

control the PAN,

invite a media server (MS) or an Application server (AS) into the cellular network session,

wherein, during the cellular network session, and the one or more devices access the cellular network through the mobile device while the mobile device simultaneously maintains a voice call over a circuit switched network with which the mobile device communicates without use of any of the one or more devices as an intervening device.

153. As explained in the chart provided in **Exhibit V**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 20 of the ’605 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

154. Samsung has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the ’605 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Damages***

155. Samsung’s acts of infringement of the ’605 Patent have caused damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

## COUNT XI — INFRINGEMENT OF U.S. PATENT NO. 10,736,164

156. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

157. Samsung is not and has never been licensed under the ’164 Patent.

158. Samsung has infringed one or more claims of the ’164 Patent. For example, representative claim 18 of the ’164 Patent recites:

> 18. A mobile device configured to act as a switch in a session with a cellular network comprising:
>
> a transceiver to communicate with the cellular network; and
>
> logic stored in a non-transitory computer readable medium configured to perform the following functions:
>
> sense one or more devices proximate to the mobile device;
>
> create the PAN for the one or more devices proximate to the mobile device using a local network;
>
> create a cellular network session;
>
> use both the local network and the cellular network session, to provide a gateway between the cellular network and the one or more devices in the PAN; and
>
> control the PAN for the one or more devices,
>
> invite a Mediaserver (MS) or an Application server (AS) into the cellular network session,
>
> wherein, during the cellular network session, the mobile device is the only device visible to or directly addressable by the cellular network, and the one or more devices access the cellular network through the mobile device while the mobile device simultaneously maintains a voice call over a circuit switched network with which the mobile device communicates without use of any of the one or more devices as an intervening device.

159. As explained in the chart provided in **Exhibit W**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 18 of the ’164 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

160. Samsung has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the ’164 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Damages***

161. Samsung’s acts of infringement of the ’164 Patent have caused damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

**COUNT XII — INFRINGEMENT OF U.S. PATENT NO. 11,044,772**

162. Sensay incorporates by reference each of the preceding paragraphs as if fully set forth herein.

163. Samsung is not and has never been licensed under the ’772 Patent.

164. Samsung has infringed one or more claims of the ’772 Patent. For example, representative claim 18 of the ’772 Patent recites:

> 18. A mobile device configured to act as a switch in a session with a cellular network comprising:
>
> a transceiver to communicate with the cellular network; and
>
> logic stored in a non-transitory computer readable medium configured to perform the following functions:
>
> sense one or more devices proximate to the mobile device;
>
> create the PAN for at least one of the one or more devices proximate to the mobile device using a local network;
>
> create a cellular network session;

> use both the local network and the cellular network session, to provide a gateway between the cellular network and the one or more devices in the PAN; and
>
> control the PAN for the one or more devices,
>
> invite a Media server (MS) or an Application server (AS) into the cellular network session,
>
> wherein, during the cellular network session, the mobile device is the only device visible to and/or directly addressable by the cellular network, and the one or more devices access the cellular network through the mobile device while the mobile device simultaneously maintains a voice call over a circuit switched network with which the mobile device communicates without use of any of the one or more devices as an intervening device.

165. As explained in the chart provided in **Exhibit X**, which is attached hereto and incorporated herein by reference, the Accused Products satisfy each and every limitation of at least claim 18 of the ’772 Patent. The chart is exemplary and based on publicly available information. Sensay will provide infringement contentions identifying all asserted claims and additional supporting evidence pursuant to the Court’s rules.

***Direct Infringement — 35 U.S.C. § 271(a)***

166. Samsung has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the ’772 Patent in violation of 35 U.S.C. § 271(a), by at least making, using, offering to sell, and selling the Accused Products within the United States and/or importing the Accused Products into the United States, without authority.

***Damages***

167. Samsung’s acts of infringement of the ’772 Patent have caused damage to Sensay. Sensay is entitled to recover the damages it has sustained in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

## NOTICE AND MARKING — 35 U.S.C. § 287

168. Sensay has complied with the requirements of 35 U.S.C. § 287 with respect to each of the Patents-in-Suit.

169. Sensay has not made, used, offered for sale, or sold within the United States, or imported into the United States, any product covered by any claim of any of the Patents-in-Suit.

170. On information and belief, no predecessor in interest to Sensay in any of the Patents-in-Suit, or any licensee, has made, used, offered for sale, or sold within the United States, or imported into the United States, any product covered by any claim of any of the Patents-in-Suit.

171. Because neither Sensay, nor any predecessor in interest, nor any licensee has made, offered for sale, sold, or imported any article covered by any claim of any Patent-in-Suit at any time after that patent issued, the marking requirement of 35 U.S.C. § 287(a) imposes no limitation on Sensay's damages recovery.

172. In the alternative, and in any event, Samsung has had actual notice of each of the Patents-in-Suit and of its infringement thereof under 35 U.S.C. § 287(a) no later than the filing of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sensay Technologies LLC respectfully requests that this Court enter judgment in its favor and against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and grant the following relief:

a. A judgment that Defendants have directly infringed, literally and/or under the doctrine of equivalents, and/or continue to directly infringe, one or more claims of each of the Patents-in-Suit under 35 U.S.C. § 271(a);

b. A judgment that Defendants have induced infringement, and/or continue to induce infringement, of one or more claims of each of the Resource Map Patents under 35 U.S.C. § 271(b);

c. A judgment that Defendants' infringement of each of the Resource Map Patents has been, and continues to be, willful;

d. A judgment and order requiring Defendants to pay Sensay damages adequate to compensate Sensay for Defendants' infringement of the Patents-in-Suit, in no event less than a reasonable royalty for the use made of the inventions by Defendants, pursuant to 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement through entry of final judgment, with an accounting as needed for any infringing sales or activities not presented at trial;

e. A judgment and order that the damages award as to the Resource Map Patents be enhanced up to three times the amount found or assessed pursuant to 35 U.S.C. § 284 in view of Defendants' willful infringement;

f. A judgment declaring this an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Sensay its reasonable attorneys' fees;

g. A judgment and order requiring Defendants to pay Sensay pre-judgment and post-judgment interest on the damages awarded;

h. A permanent injunction restraining and enjoining Defendants and their officers, directors, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, successors, and assigns, and all those in privity or acting in concert or

participation with any of them, from further infringement of the Resource Map Patents;

i. In the alternative to a permanent injunction, a judgment and order awarding Sensay a compulsory ongoing royalty for any continuing infringement of the Resource Map Patents after final judgment;

j. A judgment and order awarding Sensay its costs and expenses incurred in this action; and

k. Such other and further relief, at law or in equity, as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Sensay Technologies LLC hereby demands a trial by jury on all issues and claims so triable.

Dated: October 13, 2026

Respectfully submitted,

*/s/David L. Hecht*

David L. Hecht (TX Bar No. 24136516)
dhecht@hechtpartners.com
HECHT PARTNERS LLP
111 Congress Avenue, Suite 500
Austin, Texas 78701
Telephone: (212) 851-6821

Andrea Pacelli
apacelli@hechtpartners.com
Michael DeVincenzo
mdevincenzo@hechtpartners.com
Charles Wizenfeld
cwizenfeld@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 851-6821

*Counsel for Plaintiff Sensay Technologies LLC*